IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| TERRY WAYNE PERKINS | § | |
| v. | § | CIVIL ACTION NO. 9:07cv2 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Terry Perkins, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Perkins says that he was charged with possession of a Security Threat Group-affiliated correspondence which resulted in a significant disruption of operations. He claimed that there was no evidence that he possessed the correspondence, that the officer who allegedly saw the item in his possession did not testify, and that there was no evidence of a disruption in operations. The Magistrate Judge reviewed the pleadings and ordered the Respondent to answer. The Respondent's answer asserted that Perkins' claim that there was no disruption in operations was procedurally defaulted and that there was sufficient evidence to support the finding of guilt. Perkins filed a response to the answer asserting that the state courts do not hear challenges to disciplinary cases, that the punishment he received was not *de minimis*, and that there was no evidence to support the charges. He also contended that he was not able to exhaust his claim regarding the disturbance because the agency would have refused to produce the necessary records, which he speculates would have supported his contention that no disruption took place.

1

After review of the pleadings and the state records, the Magistrate Judge issued a Report recommending that the petition be denied. The Magistrate Judge concluded that the claim regarding a disruption in operations had not been exhausted because it was not mentioned in either of Perkins' grievances, and that adequate evidence existed to support the disciplinary conviction in the form of the testimony of Officer Drake, who had found the correspondence after it fell out of Perkins' sock. The Magistrate Judge also noted that statements attached to the hearing record indicated that as a result of the discovery of the note, the shift change and duty assignments were delayed, which constituted sufficient evidence upon which to sustain the conviction.

Perkins received a copy of the Magistrate Judge's Report on August 29, 2005, but filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge dated August 22, 2007 (docket no. 11) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Terry Perkins is hereby DENIED a certificate of appealability *sua sponte*. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**SIGNED** this the **25** day of **September, 2007.**

_____
Thad Heartfield
United States District Judge